```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-CV-22360-MOORE
                                      (12-CR-20396-MOORE)
                              MAGISTRATE JUDGE P. A. WHITE
```

RODNEY BUCKLES,                  :

    Movant,                      :              REPORT OF
                                                 MAGISTRATE JUDGE
v.                               :

UNITED STATES OF AMERICA,        :

    Respondent.                  :
_____

## I. Introduction

This matter is before the Court on the Movant's motion to vacate pursuant to 28 U.S.C. § 2255, attacking his sentence for possession conspiracy to distribute cocaine pursuant to a guilty plea in criminal case number 12-CR-20396-MOORE.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Before the Court for review are the motion to vacate, amended motion,[1] and supporting documents (Cv-DE# 1, 4, 8), the Government's response and appendix of exhibits (Cv-DE# 16), the Movant's notice of additional authority (Cv-DE# 18), the Presentence Investigation Report ("PSI"), and all pertinent

---

[1] The amended motion to vacate (DE# 4) is in the nature of a supplemental memorandum/notice of supplemental authority in support of Claim (4).

portions of the underlying criminal file.

## II. Claims

Construing the *pro se* Movant's arguments liberally, he appears to raise the following claim in his Section 2255 motion:

1. Counsel's ineffectiveness prior to the guilty plea's entry and at sentencing rendered the Movant's plea involuntary;

2. The Government and counsel erred by agreeing that the Movant should be sentenced under the 2013 version of the United States Sentencing Guidelines;

3. The Court erred by raising his minimum mandatory sentence from sixty months to 188 months in violation of Alleyne v. United States, 133 S.Ct. 2151 (2013); and

4. The Movant's prior conviction for fleeing or attempting to elude under Florida Statutes Section 316.1935 is not a qualifying prior conviction under the residual clause pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).[2]

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The Movant and two co-defendants were charged in a cocaine distribution conspiracy. The charges pertaining to the Movant are: Count (1), conspiracy to distribute 500 grams or more of cocaine; and Counts (2)-(6), distribution of cocaine. (Cr-DE# 1).

The Movant pled guilty to Count (1) in exchange for the Government's dismissal of the remaining counts pursuant to a

---

[2] The issues that the Government numbered as claims (5)-(7) in its Response actually appear to be subparts (B)-(D) of Claim (1), and are numbered as such in this Report.

written plea agreement (Cr-DE# 46). The Movant acknowledged in the written agreement that the sentence had not yet been determined but that the minimum mandatory sentence was five years' imprisonment and that the offense is punishable by up to forty years, that a term of supervised release ranges between four years and life, a fine up to $5,000,000, and restitution. Id. at 2. The Government agreed to recommend a reduction of up to three levels for acceptance of responsibility. Id. at 3. The Government also agreed to forego filing a notice of statutory sentencing enhancement pursuant to 21 U.S.C. § 851. Id. at 4, ¶ 8. The Government agreed to recommend a sentence at the low end of the guidelines conditioned on the Movant's cooperation. Id. at 3. The Movant agreed to cooperate with the Government and acknowledged that whether to move for a sentence reduction or downward departure pursuant to Section 5K1.1, 18 U.S.C. 3553(e), or Rule 35 would be solely within the Government's discretion. Id. at 5. The Movant acknowledged that, even if the Government moved for sentence reduction, the Court was under no obligation to grant it, and that any sentencing estimate was not binding on the Government, probation office, or Court. Id. at 6. Further, the movant waived his right to appeal. Id. The plea agreement was supported by a written factual proffer. (Cr-DE# 47).

The change of plea hearing came before Magistrate Judge Torres on September 4, 2012. (Cr-DE# 102). The Movant stated that he understood the charges, reviewed the case with his lawyer, was satisfied with the representation, thoroughly reviewed the decision to plead guilty with counsel, reviewed the written plea agreement, discussed it with counsel, and agreed with all its terms. (Cr-DE# 102 at 5-6). He understood that the plea would waive his right to a jury trial and his right to appeal, and other rights such as the right to vote. (Cr-DE# 102 at 7-8). He understood that the

3

sentencing guidelines apply to his case, that the sentence had not yet been determined, and that he may receive up to the statutory maximum of forty years' imprisonment, supervised release for four years to life, and a fine of up to $5 million and restitution. (Cr-DE# 102 at 8-9). He also understood that the Government was foregoing an 851 enhancement, would recommend sentencing at the low end of the guidelines, and may elect to move for a downward departure depending upon his cooperation, however, the Court is under no obligation to reduce the sentence based on his cooperation. (Cr-DE# 102 at 10-12). He also reviewed the factual proffer with his lawyer and agreed with all the facts it contains. (Cr-DE# 102 at 13, 17, 18, 19). Counsel agreed that the amount of drugs involved is 903.6 grams. (Cr-DE# 102 at 19-20). The Movant stated that he was pleading guilty knowingly and voluntarily without any threats or coercion because he is guilty. (Cr-DE# 102 at 20). The Court accepted the Movant's guilt plea. (Cr-DE# 59).

The PSI calculated the base offense level as twenty-six because the offense was for conspiracy to possess with intent to distribute at least 500 grams but lest than two kilograms of cocaine. (PSI ¶ 19). However, the Movant is considered a career offender pursuant to Guidelines Section 4B1.1(a) based on two prior felony convictions for crimes of violence (escape, case number F06001101 and fleeing and eliding, case number F07034576), and the maximum penalty of the charged offense is forty years, so the offense level is thirty-four. (PSI ¶ 25). Three levels were deducted for acceptance of responsibility. (PSI ¶¶ 26, 27). This resulted in a total offense level of thirty-one. (PSI ¶ 28).

The criminal history section scored the following prior offenses: possession of marijuana, case number B01068426; battery, case number F02008221; escape, case number F06001101; fleeing and

4

eluding a police officer, case number F07034576; fleeing and eluding a police officer, case number F08015782; and fleeing and eluding a police officer, case number F08033477. (PSI ¶¶ 33, 35, 37, 38, 39, 40). This resulted in eleven criminal history points and a criminal history category of V, however, the criminal history category for career offenders is VI. (PSI ¶ 41).

The resulting guidelines range is 188 to 235 months' imprisonment, four to five years of supervised release, and fines between $15,000 and $5,000,000. (PSI ¶¶ 82, 84, 88).

The Movant filed objections to PSI regarding, *inter alia*, the offense conduct, failure to grant him a mitigating role, application of a career offender enhancement based on his prior conviction for fleeing and eluding which is not a "crime of violence," reduction of the criminal history category to V, and a downward departure or variance for substantial assistance, health issues, post-offense conduct, and mitigating circumstances. (Cr-DE# 71); see also (Cr-DE# 74, 77). The Movant also filed a motions pursuant to Section 3553(a) and Guidelines Section 5H1.4 for a downward variance or downward departure due to health conditions and other considerations. (Cr-DE# 72); see also (Cr-DE# 78).

The Government filed a Section 5K1.1 motion for a downward departure due to the Movant's substantial assistance recommending a twenty-five percent sentence reduction. (Cr-DE# 75).

The sentencing hearing commenced on January 17, 2013, however, the Court continued sentencing to provide the parties an opportunity to brief the Movant's qualification as a career offender based on his prior convictions. (Cr-DE# 107 at 11). The matter next came before the Court on April 4, 2013. (Cr-DE# 104).

The Court entertained the parties' arguments and overruled the objection to the Movant's career offender qualification based on a prior conviction for fleeing and eluding. Id. at 7. The Movant addressed the Court and counsel presented evidence in support of mitigation including his educational efforts and medical condition. Id. at 9. The Government asked the Court to grant the Movant a twenty-five percent reduction for his substantial assistance pursuant to Section 5K1.1, which would result in an advisory range of 141 to 176 months. Id. at 10. The Court granted the Government's 5K1.1 motion based on substantial assistance. Id. at 11. It denied the Movant's further motion for variance/downward departure and sentenced the Movant at the low end of the adjusted guidelines to 141 months' imprisonment followed by four years of supervised release. Id. at 16; (Cr-DE# 89).

The Movant filed a direct appeal, however, the Eleventh Circuit Court of Appeals granted the Government's motion to dismiss pursuant to the appellate waiver in the Movant's plea agreement on June 17, 2014. See (Cr-DE# 123).

The Movant filed the instant motion to vacate on June 16, 2015.

The Movant filed a *pro se* motion for sentence reduction in the criminal case on August 31, 2015, based on Sentencing Guideline Amendment 782. (Cr-DE# 146). The Court denied relief, stating "Not eligible for relief under Amendment 782: Career Offender." (Cr-DE# 149). The Eleventh Circuit dismissed the Movant's appeal for lack of prosecution on December 28, 2015. See (Cr-DE# 164).

### IV. Statute of Limitations

The Government does not contest the instant motion to vacate's

timely filing. See (Cv-DE# 16 at 9, n.17).

## V. Procedural Default

A motion to vacate under Section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. Bousley v. United States, 523 U.S. 614 (1998); United States v. Frady, 456 U.S. 152, 165 (1982); Lynn v. United States, 365 F.3d 1225, 1234-35 (11th Cir. 2004); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development").

Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error, or (2) actual innocence. Bousely, 523 U.S. at 622; Murray v. Carrier, 477 U.S. 478, 496 (1986); Lynn, 365 F.3d at 1234. To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).To establish actual innocence, a petitioner must demonstrate that, "in light of all the evidence, ... it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Actual innocence means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623.

The Government contends that the Movant's challenge to the residual clause in Claim (4) is procedurally barred because he failed to raise it at sentencing and on direct appeal. (Cv-DE# 16 at 10).

The undersigned recommends addressing Claim (4) on the merits in the interest of judicial economy. See Lambrix v. Singletary, 520 U.S. 518 (1997) (although procedural issues should generally be addressed before considering the merits of a claim, the courts may reach the merits first in the interest of judicial economy); Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004) (a habeas petition can be denied on the merits notwithstanding the applicant's failure to exhaust state-court remedies); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999)(judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner and the procedural bar issues are complicated); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir. 1998)("[t]he simplest way to decide a case is often the best.").

## VI. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at

428.

To prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000)(*en banc*).

## VII. Discussion
(1) <u>Ineffective Assistance: Involuntary Plea</u>

First, the Movant contends that counsel's ineffective assistance "during pretrial and sentencing" rendered the Movant's guilty plea involuntary. (DE# 1 at 4). He appears to claim that: (A) counsel coerced the plea agreement through "threats and falsification in the plea agreement" with regards to the Government's agreement to forego filing an Section 851 notice in plea agreement paragraph eight because the Movant told counsel that he has no prior drug felony conviction upon which a Section 851 notice could be based; (B) counsel failed to "file a motion" with regards to plea agreement paragraph eight and did not object during the plea colloquy when the Court questioned the Movant about the Government's waiver of a Section 851 notice; (C) counsel failed to object at sentencing based on Section 3553 when the Court discussed the Movant's criminal history; and (D) counsel was ineffective with regards to the plea's appellate waiver. <u>Id.</u> Each subclaim will be addressed in turn.

(A) The Movant's suggestion that counsel coerced the plea agreement is conclusively refuted by the record. The Movant

voluntarily signed a written plea agreement that clearly provides that the Government could file a Section 851 notice but would forego doing so in exchange for his guilty plea. (Cr-DE# 46 at 4, ¶ 8). The Movant confirmed his understanding of this provision in open court at the change of plea hearing. (CR-DE# 102 at 10). He also testified at the plea hearing that he was satisfied with counsel and that his plea was free, voluntary, and without coercion. (Cr-DE# 102 at 5, 20). His present contention that he told counsel that he did not have any prior conviction that would qualify him for a Section 851 enhancement, and that counsel somehow coerced him into accepting the plea agreement despite this provision, is refuted by the record and should be rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (the defendant's declarations in open court during the plea colloquy carry "a strong presumption of verity" and cannot be overcome by conclusory or unsupported allegations).

(B) Next, the Movant contends that counsel was ineffective for failing to object and file a motion with regards to plea agreement paragraph eight, in which the Government agrees not to file a Section 851 notice. This claim fails for the same reasons as subclaim (A), *supra*.

(C) The Movant contends that counsel failed to object at sentencing based on Section 3553. He appears to fault counsel for failing to object when the Court noted the Movant's extensive criminal history at the sentencing hearing. First, the Movant's suggestion that counsel did not raise Section 3553 factors is conclusively refuted by the record. Counsel moved for a downward variance or departure based on a variety of circumstances including the Movant's self-improvement and health concerns. See (Cr-DE# 72, 78). Counsel also presented these issues at the sentencing hearing.

See (Cr-DE# 104 at 9). With regards to counsel's failure to object at the sentencing hearing, the Movant fails to explain how the Court's reference to his criminal history was inaccurate or otherwise erroneous, warranting objection. This claim is therefore to vague and conclusory to support relief. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (movant is not entitled to habeas relief when the claims are merely conclusory allegations unsupported by specifics or on the face of the record are wholly incredible); see also Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious issue).

(D) Finally, the Movant contends that counsel was ineffective with regards to the plea agreement's appellate waiver. The Movant signed the plea agreement that contained an express appellate waiver and he stated in open court that he agreed to the appellate waiver and entered the plea freely and voluntarily. (Cr-DE# 46 at 6). His present self-serving suggestion to the contrary should be rejected. Blackledge, 431 U.S. at 74. Further, his suggestion that counsel was somehow ineffective for failing to object to the appellate waiver's inclusion in the plea agreement is too vague and conclusory to support relief. Tejada, 941 F.2d at 1559.

The Movant has failed to demonstrate either deficient performance for the foregoing reasons. He has not alleged that he would not have pled guilty absent counsel's alleged deficiencies. See (DE# 1 at 4, 15). Therefore, the Movant has not satisfied either of Strickland's prongs and this claim should be denied.

(2) Trial Court Error: Sentencing Guidelines

The Movant appears to contends that the trial court erred by sentencing him under the 2013 version of the United States

Sentencing Guidelines.[3]

As a general matter, "a convicted defendant's sentence is based on the United States Sentencing Commission Guidelines Manual 'in effect on the date the defendant is sentenced.'" United States v. Bailey, 123 F.3d 1381, 1403 (11th Cir. 1997) (quoting 18 U.S.C. § 3553(a)(4)). However, if the effective Sentencing Guidelines Manual on the date of sentencing violates the *Ex Post Facto* Clause, then the district judge must use the manual in effect on the date that the crime was committed. Id.; U.S.S.G. § 1B1.11(b)(1).

The Movant's PSI was prepared using the 2012 version of the United States Sentencing Guidelines which became effective on November 1, 2012. This was the version of the guidelines manual that was in effect at the time the Movant was sentenced on April 4, 2013.[4] See (Cr-DE# 1 at 1). The Movant fails to allege that application of the 2012 manual violated the *Ex Post Facto* Clause or was otherwise erroneous. Therefore, this claim is too vague and conclusory to support relief. See generally Tejada, 941 F.2d at 1559. Any suggestion that counsel was ineffective for failing to object to the use of the 2012 manual fails for the same reason. Id.

Therefore, this claim should be denied.

(3) Trial Court Error: Alleyne

The Movant contends that the Court erred by raising his minimum mandatory sentence from sixty months to 188 months in

---

[3] The motion to vacate actually alleges that the "government and counsel erred when the parties agree[d] to sentence the defendant under the 2013 U.S.S.G. ...." (DE# 1 at 5). However, it appears to be in the nature of a claim of trial court error rather than one of ineffective assistance of counsel.

[4] The 2013 guidelines did not become effective until November 1, 2013.

violation of Alleyne v. United States, 133 S.Ct. 2151 (2013).

The United States Supreme Court held in Alleyne that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. 133 S.Ct. at 2155.

The Movant's reliance on Alleyne is misplaced. The Court did not make any judicial findings of fact that raised his minimum mandatory sentence. Therefore, Alleyne is factually inapplicable and this claim should be denied.

(4) Trial Court Error: Johnson

The Movant contends that his prior Florida conviction for fleeing or attempting to elude is not a qualifying prior conviction under the residual clause pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).

In Johnson, the United States Supreme Court held that the Armed Career Criminal Act's residual clause[5] is unconstitutionally vague. Id. at 2557.

The Movant's reliance on Johnson is misplaced because he was sentenced under the United States Sentencing Guidelines as a career offender, and not under ACCA. Although the residual clause

---

[5] (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**....
18 U.S.C. § 924(e) (emphasis added).

contained in Guidelines Section 4B1.2 is virtually identical to the one in ACCA, the Eleventh Circuit has specifically held that the vagueness doctrine "does not apply to advisory guidelines." United States v. Matchett, 802 F.3d 1185, 1189, 1193-95 (11th Cir. 2015). Therefore, the Movant's Johnson-based argument has been "squarely foreclose[d]." United States v. Brown, 2015 WL 9301410 (11th Cir. Dec. 22, 2015). Because the Movant was sentenced under ACCA and not the sentencing guidelines so even if an error had occurred in calculating his career offender sentence, it did not affect his sentence.

Therefore, the Movant's career offender sentence was not invalidated by Johnson and this claim should be denied.

## VIII. Evidentiary Hearing

An evidentiary hearing is not required for frivolous claims, conclusory allegations unsupported by specifics, or contentions wholly unsupported by the record. See Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004). The Movant's claims are plainly without merit. Accordingly, no evidentiary hearing is warranted.

## IX. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## X. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be denied, a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 23rd day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Rodney Buckles, *pro se*
    98277-004
    McDowell
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 1009

```
Welch, WV 24801

Robert J. Brady, Jr.
Assistant United States Attorney
99 NE 4th Street
Miami, FL 33132
```